Alan H. Weinreb, Esq. (AW 9361)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
Facsimile: (516) 945-6056
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JXB 84 LLC

                    Plaintiff,

    -against-

SAID KHALIL; MOUSA KHALIL; NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; NEW YORK CITY PARKING
VIOLATIONS BUREAU; "JOHN DOE 1" through
"JOHN DOE 12", said names being fictitious, parties
intended being possible tenants or occupants of
premises, and corporations, other entities or persons
who claim, or may claim, a lien against the premises,
                    Defendants.
-------------------------------------------------------------------------X

Civil Action No.

**VERIFIED COMPLAINT**

Plaintiff, JXB 84 LLC, ("JXB" or "Plaintiff") by and through its attorneys, The Margolin & Weinreb Law Group, LLP, as and for its Verified Complaint of foreclosure of the premises and mortgage against defendants SAID KHALIL, MOUSA KHALIL, THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, THE NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, THE NEW YORK STATE PARKING VIOLATIONS BUREAU, and John Doe "1" through "12" (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

### NATURE OF THE ACTION

1.     This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose on a mortgage encumbering the

property commonly known as 228 Senator Street, Brooklyn, NY 11220 known on the Kings County Tax Map as BLOCK: 5853 LOT: 17 in Kings County, New York State (the "Property"). The legal description of the Property is attached as Exhibit A.

## PARTIES

2.  JXB is a Delaware Limited Liability Company with its usual place of business at c/o Kenner & Cummings PLLC, 175 SW 7th Street, Suite 2410, Miami, FL 33130. It is a citizen of the States of Florida and Delaware. JXB is a single member limited liability company whose sole member is a resident and citizen of the State of Florida.

3.  Upon information and belief, Said Khalil and Mousa Khalil are citizens of New York State having an address at 228 Senator Street, Brooklyn, NY 11220. Said Khalil is a necessary party-defendant to this action because he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) was the record owner of the Property at the time of execution; (iii) is the borrower of the loan; and (iv) is the mortgagor under the mortgage. Mousa Khalil is a necessary party Defendant to this action as he is the present owner of the real property encumbered by Plaintiff's mortgage.

4.  The New York State Department of Taxation and Finance, having an address of W.A. Harriman Campus, Albany, NY 12227 is an entity of New York State and is a party-defendant by way of it owning a certain New York State Tax lien against the property. It is an entity of New York State and as such a citizen of New York State. The New York State Tax Lien (warrant) is as follows (a) docketed in the Kings County Clerk's office on March 27, 2012 as control number 601438280015 for $3,097.15.

5.  The New York City Environmental Control Board and The New York City Parking Violations Bureau are entities existing as part of the City of New York, having an

address at 100 Church Street, New York, NY 10007. These entities are Defendants by way of having filed liens or judgments against the premises.

6. Upon information and belief, John Doe #1 through #12 are persons, parties, corporations or other entities, if any, who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including interests, in and to any subordinate judgment or liens upon the Property. Such Defendants are joined as party-defendants herein for the purpose of foreclosing and terminating their respective interests, if any, in and to the Property.

7. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgage.

## JURISDICTION AND VENUE

8. This Action is between citizens of different states.

9. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

10. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

11. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

12. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

## FACTUAL BACKGROUND

13. On May 19, 2005, Said Khalil executed a Note ("the Note") to Long Beach Mortgage Company whereby it loaned to Said Khalil and Said Khalil agreed to repay the sum of $150,000.00 and interest. An endorsement was affixed to the backside of the original Note. A copy of the Note with endorsements is attached as Exhibit B.

14. As collateral security for the payment of said indebtedness, Said Khalil also executed, acknowledged and delivered to Long Beach Mortgage Company, a mortgage dated May 19, 2005 which was recorded in the Office of the Register of the City of New York for the County of Kings on June 14, 2005 in CRFN: 2005000343133. The mortgage tax was duly paid. A copy of the Mortgage is attached as Exhibit C.

15. Thereafter, said mortgage was assigned to Mortgage Electronic Registration Systems, Inc., by Assignment of Mortgage dated May 31, 2005 and recorded on June 1, 2007 in CRFN: 2007000283647.

16. Thereafter, said mortgage was assigned to Wilmington Trust, National Association, Not In Its Individual Capacity But Solely As Trustee Under The Greenwich Investors XL Pass-Through Trust Agreement Dates As Of March 1, 2012 by Assignment of Mortgage dated August 1, 2013 and recorded February 11, 2014 in CRFN: 2014000053632.

17. Thereafter, said mortgage was assigned to Partners for Payment Relief DE II, LLC by Assignment of Mortgage dated June 4, 2013 and record on March 12, 2014 in CRFN: 201400085887.

18. The Note and Mortgage were assigned to Plaintiff by instrument dated August 17, 2015, which has been sent to the Register of the City of New York for the County of Kings for recording. An Allonge was affixed to the Note. Copies of these Assignments are annexed as Exhibit D.

19. Said Khalil has failed to comply with the terms and provisions of the Mortgage and said instrument(s) secured by the Mortgage, by failing to pay the installment due on December 1, 2008, and the default continues to date.

20. Plaintiff has complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was issued on August 21, 2015 (the "Default Notice") advising Said Khalil that Plaintiff has elected to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. A copy of the Default Notice with proof of mailing is attached as Exhibit E.

21. The 90-day notice provided by RPAPL §1304(1) is not required because Said Khalil is not the owner of the premises in foreclosure, having deeded the property to Mousa Khalil on July 24, 2008. The registration requirement under RPAPL §1306 is also not required.

22. Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-1 of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

23. As of the date herein, Said Khalil has failed to respond to the Default Notice.

24. Due to the above-described default, Said Khalil is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount of $146,897.01 due under the Note, plus unpaid interest from November 1, 2008.

25. Due to the above-described default, Said Khalil is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

26. Due to the above-described default, Said Khalil is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become

due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

27. Plaintiff requests that if this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises with 120 days from date of sale.

    g. Prior lien(s) of record, if any.

28. If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

29. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

30. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the said sum secured by the Note and Mortgage or any part thereof, other than one in Kings County Supreme Court under Index No. 8213/2014, which has been discontinued.

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that Plaintiff may be paid the amount due on the Note and Mortgage as set forth herein, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of the Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of the Property during the pendency of this action with the usual powers and duties; and that Said Khalil may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment, and that if Plaintiff possesses any other

lien(s) against the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and equitable.

Dated: Syosset, New York
      October 30, 2015

                                              **THE MARGOLIN & WEINREB LAW GROUP, LLP**
                                              Attorneys for Plaintiff, JXB 84 LLC

                             By: _____
                                   Alan Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**Alan Weinreb, Esq.**, an attorney duly admitted to practice before the New York State courts and associated with Plaintiff's attorneys of record, affirms under the penalties of perjury that:

I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with Plaintiff's representatives, officers, and agents and review of copies of Plaintiff's records in my possession. This affirmation is made by me because Plaintiff is not in a county in which my firm has its office.

Dated: October 30, 2015
      Syosset, New York

                                /s/      *Alan Weinreb*
                            **ALAN WEINREB, ESQ.**