EXHIBIT A

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NY

TITLE #: 05TO1192K

## SCHEDULE A

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of kings, City and State of new York, bounded and described as follows:

**BEGINNING** at a point on the southwesterly side of Senator Street distant 207 feet 8¼ inches southwesterly from the corner formed by the intersection of the southwesterly side of Senator Street with the southeasterly side of Ridge Boulevard;

**RUNNING THENCE** southwesterly at right angles to 68th Street and part of the distant through a party wall, 90 feet 8 inches;

**THENCE** southeasterly nearly parallel with Senator Street 20 feet ¼ of an inch to a point distant 89 feet 10-3/8 inches to the southwesterly from the southwesterly side of Senator Street on a lineup drawn parallel with the first course distant 20 feet southeasterly therefrom;

**THENCE** northeasterly along said last mentioned course and part of the distance through a party wall, 89 feet 10-3/8 inches to the southwesterly side of Senator Street;

**THENCE** northwesterly along the southwesterly side of Senator Street 20 feet ¼ of an inch to the point or place of BEGINNING.

**SUBJECT** to covenants, restrictions, declarations, easements, reservations and agreements of record.

**SUBJECT** to any state of facts an accurate survey may show.

**TOGETHER** with the benefits and SUBJECT to the burdens of a certain Declaration of Easement as recorded in Liber 4808 p. 79.

*NOTE: TO BE INCLUDED IN ALL CLOSING DOCUMENTS EXCEPT POLICY*
**PREMISES known as 228 Senator Street, Brooklyn, New York.**

*Issued by:*
**TITLE ONE INC.**

*Questions/Comments:*
Phone:  718-745-0024
Email:  titleone@nydata.com

**EXHIBIT B**

LOAN NO. 6461274-7905

## NOTE

May    19 , 2005          **ANAHEIM**                    **CA**
*Date*                     *City*                        *State*

**228 SENATOR STREET**     **BROOKLYN**      **NY**       **11220**
                           *Property Address*

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **150,000.00**                    (this amount will be called ``principal''), plus interest, to the order of the Lender. The Lender is **LONG BEACH MORTGAGE COMPANY**

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the ``Note Holder.''

### 2. INTEREST

I will pay interest at a yearly rate of **10.100**          %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ **1,327.46**

I will make my payments on the     **first**            day of each month beginning on **July        1 , 2005** . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on    **June        1 , 2035**                              , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at    **P.O. Box 2441, Chatsworth CA 91313-2441**

or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of          **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    **2.000**     % of my overdue payment, but not less than U.S. $ **1.00**                    and not more than U.S. $ **26.55**                . I will pay this late charge only once on any late payment.

(B) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated **May        19,    2005**                , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

---

NEW YORK - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3933

VMP -75(NY) (0208)          VMP MORTGAGE FORMS - (800)521-7291          Initials: SE
1075-1NY (02/28/03).JMR

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**Default in the payment of this loan agreement may result in the loss of the property securing the loan. Under federal law, you may have the right to cancel this agreement. If you have this right, the creditor is required to provide you with a separate written notice specifying the circumstances and times under which you can exercise this right.**

_____ (Seal)      _____ (Seal)
**SAID KHALIL**                          -Borrower                                            -Borrower

_____ (Seal)      _____ (Seal)
                                         -Borrower                                            -Borrower

_____ (Seal)      _____ (Seal)
                                         -Borrower                                            -Borrower

_____ (Seal)      _____ (Seal)
                                         -Borrower                                            -Borrower

*[Sign Original Only]*

Pay to the order of

Without Recourse
Long Beach Mortgage Company

Jess Almanza, Vice President

Kimberly A. Smith, Officer

# Allonge for the Purpose of Note Endorsement

## To be attached to, and made part of the original note

Loan Number: 6461271-7905

Original Loan Amount: $150,000.00

Borrower Name: Said Khalil

Property Address: 228 SENATOR ST, BROOKLYN, NY 11220

---

WITHOUT RECOURSE, PAY TO THE ORDER OF:

_____

Partners for Payment Relief DEII, LLC

By: _____
  Name: John Sweeney
  Title: Vice President

**EXHIBIT C**

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2005052302218005002E04C1

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 8 |
|---|---|---|
| **Document ID: 2005052302218005** | Document Date: 05-19-2005 | Preparation Date: 06-09-2005 |
| Document Type: MORTGAGE | | |
| Document Page Count: 7 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| TITLEONE, INC-1192K | LONG BEACH MORTGAGE COMPANY |
| AS AGENT FOR FIDELITY NATIONAL TITLE | PO BOX 201085 |
| 269 86TH STREET | STOCKTON, CA  95202 |
| BROOKLYN, NY  11209 | |
| 718-745-0024 | |
| titleone@nydata.com | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5853 | 17 | Entire Lot | 228 SENATOR STREET |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel ___ Page _____ *or* File Number_____

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| SAID KHALIL | LONG BEACH MORTGAGE COMPANY |
| 162 92ND STREET, FIRST FLOOR | 1400 S. DOUGLASS RD, SUITE 100 |
| BROOKLYN, NY  11209 | ANAHEIM, CA  92806 |

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 72.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 150,000.00 | Affidavit Fee:  $ | 0.00 |
| Taxable Mortgage Amount: | $ | 150,000.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 750.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 1,687.50 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 375.00 | | |
| MTA: | $ | 350.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 3,162.50 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        06-14-2005 13:02
City Register File No.(CRFN):
**2005000343133**

*Annette M Hill*

*City Register Official Signature*

When recorded mail to:

P.O. BOX 201085
STOCKTON, CA 95202

Loan No. 6461274-7905

## MORTGAGE

**WORDS USED OFTEN IN THIS DOCUMENT**
    (A) "Mortgage." This document, which is dated    May        19 ,    2005        , will be called the "Mortgage."
    (B) "Borrower."
SAID KHALIL

    whose address is    162 92ND STREET, BROOKLYN, NY 11209
will sometimes be called the "Borrower" and sometimes simply "I."
    (C) "Lender."
LONG BEACH MORTGAGE COMPANY
    will be called the "Lender." Lender is a corporation or association which was formed and which exists under the laws of
the State of Delaware.                                                                Lender's address is
1400 S. DOUGLASS RD., SUITE 100
ANAHEIM, CA 92806
    (D) "Note." The junior lien note signed by Borrower and dated    May        19 ,    2005        , and extensions
and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $      150,000.00
plus interest, which I have promised to pay in full by    June            1 ,    2035                  .
    (E) "Property." The property that is described below in the section titled "Description of the Property" will be called the
"Property."

**BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY**
    I mortgage, grant and convey the Property to Lender subject to the terms of this Mortgage. This means that, by signing
this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also rights that the law gives to
lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that
might result if I do not:

    (A)  Pay all the amounts that I owe Lender as stated in the Note;
    (B)  Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and
         Lender's rights in the Property; and
    (C)  Keep all of my promises and agreements under this Mortgage.

    With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is
known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his
property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the
Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a
homestead exemption.

**DESCRIPTION OF THE PROPERTY**
    I give Lender rights in the following Property:
    (A)  The property which is located at    228 SENATOR STREET
                                                                [Street]                                          ,
    BROOKLYN                          ,                      NY 11220                          . This Property is in
               [City]                                    [State and ZIP Code]
    KINGS                                            County in the State of New York. It has the following legal description:

    LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

                        **SAID PREMISES IMPROVED BY A
                        ONE OR TWO FAMILY DWELLING
                                ONLY.**

    (B)  All buildings, structures and other improvements that are located on the property described in paragraph (A) of this
         section;
    (C)  All rights in other property that I have as owner of the property described in paragraph (A) of this section. These
         rights are known as "easements, rights and appurtenances attached to the property";
    (D)  All rents or royalties from the property described in paragraph (A) of this section; and
    (E)  All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights
         described in paragraphs (B) through (D) of this section that I acquire in the future.

---

**NEW YORK** - SECOND MORTGAGE - 1/80  - FNMA/FHLMC UNIFORM INSTRUMENT

-76(NY)  (9910)                          Page 1 of 8                                          Initials: S K
                                       VMP MORTGAGE FORMS - (800)521-7291                                      Form 3833
TDNY2ND1 (04/02/04) PC

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

**BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

**UNIFORM PROMISES**

I promise and I agree with Lender as follows:

1. **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**

   I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2. **AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**

   **(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance**

   I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

   The amount of each of my payments under this Paragraph 2 will be the sum of the following:

   (i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus

   (ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus

   (iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

   Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

   The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

   **(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance**

   Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

   Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

   If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

   If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

   When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.



Initials: _SK_

**Form 3833**

TDNY2ND2 (04/02/04) PC

LOAN NO. 6461274-7905

3.  **APPLICATION OF BORROWER'S PAYMENTS**

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A)  First, to pay the amounts then due to Lender under Paragraph 2 above;
(B)  Next, to pay interest then due under the Note; and
(C)  Next, to pay principal then due under the Note.

4.  **BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY**

I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

5.  **BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY**

I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

6.  **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS**

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

7.  **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY**

If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

8.  **LENDER'S RIGHT TO INSPECT THE PROPERTY**

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

9.  **AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

 -76(NY) (9910)

TDNY2NO3 (04/02/04) PC

Page 3 of 6

Initials: _SK_

Form 3833

LOAN NO. 6461274-7905

10. **BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS**
If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

11. **CONTINUATION OF BORROWER'S OBLIGATIONS**
Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

12. **CONTINUATION OF LENDER'S RIGHTS**
Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

13. **LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS**
Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

14. **OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**
Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

15. **AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE**
Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

16. **LAW THAT GOVERNS THIS MORTGAGE**
The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs," "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

17. **BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE**
I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

18. **REHABILITATION LOAN AGREEMENT**
I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

-76(NY) (9910)

TDNY2ND4 (04/02/04) PC

Page 4 of 6

Initials: _SK_

Form 3833

**LOAN NO. 6461274-7905**

19. **AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

### NON-UNIFORM PROMISES

I also promise and agree with Lender as follows:

20. **LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**

If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."

If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:

(A) I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B) Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:
  (i) The promise or agreement that I failed to keep;
  (ii) The action that I must take to correct that failure;
  (iii) A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;
  (iv) That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;
  (v) That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and
  (vi) That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C) I do not correct the failure stated in the notice from Lender by the date stated in that notice.

21. **BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED**

Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A) I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

(B) I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C) I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

22. **LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY**

As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

23. **LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL**
When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

24. **AGREEMENTS ABOUT NEW YORK LIEN LAW**
I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

25. **BORROWER'S STATEMENT REGARDING THE PROPERTY.** Check box(es) as applicable.
[X] This Security Instrument covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.
[ ] This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.
[ ] This Security Instrument does not cover real property improved as described above.

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

By signing this Mortgage I agree to all of the above.
Witnesses:

_____          _____ (Seal)
                                   **SAID KHALIL**          -Borrower

_____          _____ (Seal)
                                                            -Borrower

                                   _____ (Seal)
                                                            -Borrower

                                   _____ (Seal)
                                                            -Borrower

                                   *(Sign Original Only)*

**STATE OF NEW YORK**                          )
                                               )ss.
County of Kings                                )

On the 19th day of MAY in the year 2005 before me, the undersigned, a notary public in and for said state, personally appeared

Said Khalil

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that executed the same in capacity(ies), and that by signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Anthoula Ligno  SEAL
Notary Public
Commission in Kings County
State of New York
# 01LI6098120
Tax Map Information:          Commission Exp. Sept. 2, 200_          Notary Public

-76(NY) (9910)                          Page 6 of 6                          Form 3833

T0NY2ND6 (04/02/04) PC                                      **LOAN NO. 6461274-7905**

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF ,

TITLE #: 05 ,

## SCHEDULE A

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of kings, City and State of new York, bounded and described as follows:

**BEGINNING** at a point on the southwesterly side of Senator Street distant 207 feet 8¼ inches southwesterly from the corner formed by the intersection of the southwesterly side of Senator Street with the southeasterly side of Ridge Boulevard;

**RUNNING THENCE** southwesterly at right angles to 68th Street and part of the distant through a party wall, 90 feet 8 inches;

**THENCE** southeasterly nearly parallel with Senator Street 20 feet ¼ of an inch to a point distant 89 feet 10-3/8 inches to the southwesterly from the southwesterly side of Senator Street on a lineup drawn parallel with the first course distant 20 feet southeasterly therefrom;

**THENCE** northeasterly along said last mentioned course and part of the distance through a party wall, 89 feet 10-3/8 inches to the southwesterly side of Senator Street;

**THENCE** northwesterly along the southwesterly side of Senator Street 20 feet ¾ of an inch to the point or place of BEGINNING.

**SUBJECT** to covenants, restrictions, declarations, easements, reservations and agreements of record.

**SUBJECT** to any state of facts an accurate survey may show.

**TOGETHER** with the benefits and SUBJECT to the burdens of a certain Declaration of Easement as recorded in Liber 4808 p. 79.

*NOTE: TO BE INCLUDED IN ALL CLOSING DOCUMENTS EXCEPT POLICY*
**PREMISES known as 228 Senator Street, Brooklyn, New York.**

*Issued by:*
**TITLE ONE INC.**

*Questions/Comments*:
Phone: 718-745-0024
Email: titleone@nydata.com

**EXHIBIT D**

*Assignment mortgage*



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2007022600591001001E9BC7

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 3 |
|---|---|---|
| **Document ID:** 2007022600591001 | Document Date: 05-31-2005 | Preparation Date: 02-26-2007 |
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 2 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| HANOVER CAPITAL PARTNERS LTD. | HANOVER CAPITAL PARTNERS LTD. |
| 200 METROPLEX DRIVE, SUITE 102 | 200 METROPLEX DRIVE, SUITE 102 |
| EDISON, NJ 08817 | EDISON, NJ 08817 |
| 732-393-3027 | 732-393-3027 |
| janice.rodgers@hanovercapital.com | janice.rodgers@hanovercapital.com |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5853 | 17 | Entire Lot | 228 SENATOR STREET |

Property Type: DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN: 2005000343133

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| LONG BEACH MORTGAGE COMPANY | MORTGAGE ELECTRONIC REGISTRATION |
| 2210 ENTERPRISE DR. | SYSTEMS, INC |
| FLORENCE, SC 29501 | 3300 SW 34TH AVE., SUITE 101 |
| | OSCEOLA, FL 34474 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed      06-01-2007 12:17
City Register File No.(CRFN):
2007000283647

*Annette M Hill*

*City Register Official Signature*

Prepared by: Daniel Boykin
Washington Mutual, Successor in Interest to
Long Beach Mortgage
2210 Enterprise Dr
Florence, SC 29501

RECORD AND RETURN TO:
HANOVER CAPITAL PARTNERS LTD.
POST OFFICE BOX 3980
EDISON, NJ 08818-3980

(emc flow)

---

Loan No. 6461274        **ASSIGNMENT OF MORTGAGE**

Date of Assignment: 5/31/2005        EMC Tracking: 0012474060
                                     MERS ID:1000221001247406606

Assignor:  Long Beach Mortgage Company

Assignee:        Mortgage Electronic Registration Systems, Inc.
                 3300 SW 34th Ave., Suite 101, Osceola, FL 34474
                 Phone # 1-888-679-6377

                                         BLK: 5853    Lot: 17

Executed By KHALIL SAID

To:      Long Beach Mortgage Company
Mortgage Dated: 5/19/2005   and Recorded on 6/14/05  as Instrument No. 2005000 34313 3
Book         Page        In    KINGS        County    NY
Property Address: 228 SENATOR STREET
                  BROOKLYN, NY 11220

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and no /100ths
DOLLARS and other good and valuable consideration, paid to the above named Assignor, the
receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto
the above-named Assignee, the said Mortgage together with the Note or other evidence of
indebtedness (the "Note"), said Note having an original principal sum of   **$150,000.00**
with interest, secured thereby, together with all moneys now owing or that may hereafter
become due or owing in respect thereof, and  the full benefit of all the powers and of all the
covenants and provisions  therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD  the said  Mortgage and Note, and also the said property unto  the
said Assignee forever, subject to the terms contained  in said  Mortgage and Note.

Parcel # 3 5853 17                    Long Beach Mortgage Company
ON  5/31/2005

STATE OF CALIFORNIA      ]           BY:
                         ] SS        Kimberly Smith
COUNTY OF SAN JOAQUIN    ]           Asst Vice President

ON  5/31/2005    BEFORE ME,  E. Duarte              ,A NOTARY PUBLIC,
PERSONALLY APPEARED          Kimberly Smith
PERSONALLY KNOWN TO ME (OR PROVED TO ME ON THE  BASIS OF  SATISFACTORY
EVIDENCE) TO BE THE PERSON WHOSE NAME IS SUBSCRIBED TO THE WITHIN INSTRUMENT
AND ACKNOWLEDGED TO ME THAT HE EXECUTED THE SAME IN HIS AUTHORIZED CAPACITY,
AND THAT BY HIS SIGNATURE ON THE INSTRUMENT THE PERSONS, OR THE ENTITY UPON
BEHALF OF WHICH THE PERSON ACTED, EXECUTED THIS INSTRUMENT.

WITNESS MY HAND AND OFFICIAL SEAL.

E. Duarte

This assignment is not subject to the
requirements of Section 275 of the Real
Property Law because it is an
assignment within the Secondary
Mortgage Market.

SEAL



E. DUARTE
Commission # 1560901
Notary Public - California
San Joaquin County
My Comm. Expires Mar 18, 2009

,00/2474060

FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NY

TITLE #: 05TO1192K

## SCHEDULE A

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of kings, City and State of new York, bounded and described as follows:

**BEGINNING** at a point on the southwesterly side of Senator Street distant 207 feet 8¼ inches southwesterly from the corner formed by the intersection of the southwesterly side of Senator Street with the southeasterly side of Ridge Boulevard;

**RUNNING THENCE** southwesterly at right angles to 68th Street and part of the distant through a party wall, 90 feet 8 inches;

**THENCE** southeasterly nearly parallel with Senator Street 20 feet ¼ of an inch to a point distant 89 feet 10-3/8 inches to the southwesterly from the southwesterly side of Senator Street on a lineup drawn parallel with the first course distant 20 feet southeasterly therefrom;

**THENCE** northeasterly along said last mentioned course and part of the distance through a party wall, 89 feet 10-3/8 inches to the southwesterly side of Senator Street;

**THENCE** northwesterly along the southwesterly side of Senator Street 20 feet ¼ of an inch to the point or place of BEGINNING.

**SUBJECT** to covenants, restrictions, declarations, easements, reservations and agreements of record.

**SUBJECT** to any state of facts an accurate survey may show.

**TOGETHER** with the benefits and SUBJECT to the burdens of a certain Declaration of Easement as recorded in Liber 4808 p. 79.

*NOTE: TO BE INCLUDED IN ALL CLOSING DOCUMENTS EXCEPT POLICY*
**PREMISES known as 228 Senator Street, Brooklyn, New York.**

*Issued by:*
**TITLE ONE INC.**

*Questions/Comments:*
Phone: 718-745-0024
Email: titleone@nydata.com

(B-3)

*Assignment, mortgage*



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2014021000968001001EF72D

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 3 |
|---|---|

Document ID: **2014021000968001**          Document Date: 08-01-2013          Preparation Date: 02-10-2014
Document Type:  ASSIGNMENT, MORTGAGE
Document Page Count: 1

| PRESENTER: | RETURN TO: |
|---|---|
| PARTNERS FOR PAYMENT RELIEF LLC<br>3748 WEST CHESTER PIKE SUITE 103<br>NEWTON SQUARE, PA 19073 | PARTNERS FOR PAYMENT RELIEF LLC<br>3748 WEST CHESTER PIKE SUITE 103<br>NEWTON SQUARE, PA 19073 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5853 | 17 | Entire Lot | 228 SENATOR STREET |

, Property Type:  DWELLING ONLY - 2 FAMILY

*Recd:*
*2/11/14*

**CROSS REFERENCE DATA**

CRFN:   2005000343133

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC<br>1818 LIBRARY STREET, STE. 300<br>RESTON, VA 20019 | WILMINGTON TRUST NATIONAL ASSOCIATION<br>559 SAN YSIDRO ROAD, SUITE 1<br>SANTA BARBARA, CA 93108 |

☒  Additional  Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed          02-11-2014 11:52 | | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 42.00 | 2014000053632 | | |
| Affidavit Fee: | $ | 0.00 | *Annette M Hill* | | |

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

2014021000968001001CF5AD

| RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION) | | PAGE 2 OF 3 |
|---|---|---|

**Document ID: 2014021000968001**     Document Date: 08-01-2013     Preparation Date: 02-10-2014
Document Type: ASSIGNMENT, MORTGAGE

---

**PARTIES**

**ASSIGNOR/OLD LENDER:**
MERS
1818 LIBRARY STREET, STE. 300
RESTON, VA 20019

**ASSIGNOR/OLD LENDER:**
SAID KHALIL
228 SENATOR STREET
BROOKLYN, NY 11220

---

**PARTIES**

**ASSIGNEE/NEW LENDER:**
GREENWICH INVESTORS XL PASSTHROUGH TRUST
559 SAN YSIDRO ROAD, SUITE I
SANTA BARBARA, CA 93108

Recording Requested By:
PARTNERS FOR PAYMENT RELIEF DE II, LLC

When Recorded Return To:

PARTNERS FOR PAYMENT RELIEF DE II, LLC
3748 WEST CHESTER PIKE
SUITE 103
NEWTOWN, PA 19073

## CORPORATE ASSIGNMENT OF MORTGAGE

Kings, New York  REFERENCE #: 12010000052  "KHALIL"
INVESTOR #:
MERS #: 100022100124740806  VRU #: 1-888-679-6377

Assignment Prepared on: July 17th, 2013.

Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") ITS SUCCESSORS AND
ASSIGNS at 1818 LIBRARY STREET, STE. 300, RESTON, VA  20018.
Assignee: WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE UNDER THE GREENWICH INVESTORS XL PASS-THROUGH TRUST AGREEMENT DATED AS OF
MARCH 1, 2012  at  559 SAN YSIDRO ROAD, SUITE I, SANTA BARBARA, CA  93108.

Executed By: SAID KHALIL  To: LONG BEACH MORTGAGE COMPANY
Date of Mortgage: 05/19/2005 Recorded: 05/14/2005  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.:
2005000343133 in Kings County , State of New York.

- Assigned Wholly by LONG BEACH MORTGAGE COMPANY  TO MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ("MERS") ITS SUCCESSORS AND ASSIGNS  Dated: 05/31/2005 Recorded:  06/01/2007  in
Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 2007000283647

District/Section/Block/Lot: -5653-17

Property Address:  228 SENATOR STREET, BROOKLYN, NY  11220

    This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

    KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above named Assignee, the said Mortgage having
an original principal sum of $150,000.00 with interest, secured thereby, together with all moneys now owing or that
may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants
and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the
Assignor's beneficial interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject
to the terms contained in said Mortgage.  IN WITNESS WHEREOF, the assignor has executed these presents the
day and year first above written:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") ITS SUCCESSORS AND ASSIGNS
On

By:
RICK O'BRIEN, Assistant Secretary

STATE OF TEXAS
COUNTY OF DALLAS

    On _____, before me, KAREN LOPEZ, a Notary Public in and for DALLAS in the State of TEXAS,
personally appeared RICK O'BRIEN, Assistant Secretary, personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument, and that such individuals(s) made such appearance before the undersigned in the County
of DALLAS, State of TEXAS.

WITNESS my hand and official seal.

KAREN LOPEZ
Notary Expires: 03/26/2017  #12936149-3
Dallas, Texas

Karen Lopez
Commission Expires
03-26-2017

(This area for notarial seal)

*Assignment mortgage*



**2014030501298001001EDAD4**

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | |

## RECORDING AND ENDORSEMENT COVER PAGE    PAGE 1 OF 4

| Document ID: 2014030501298001 | Document Date: 06-04-2013 | Preparation Date: 03-05-2014 |
|---|---|---|
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 3 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| AIS - K3687<br>1111 MARCUS AVE<br>SUITE MZ214<br>LAKE SUCCESS, NY 11042<br>516-918-4600<br>RECORDINGSERVICES@NYDATA.COM | PARTNERS FOR PAYMENT RELIEF DE II, LLC<br>3748 WEST CHESTER PIKE<br>SUITE 103<br>NEWTOWN SQUARE, PA 19073 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 5853 | 17 | Entire Lot | 228 SENATOR STREET |
| Property Type: DWELLING ONLY - 2 FAMILY | | | | |

Recd: 3/12/14

### CROSS REFERENCE DATA

CRFN:   2005000343133

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION<br>559 SAN YSIDRO ROAD, SUITE 1<br>SANTA BARBARA, CA 93108 | PARTNERS FOR PAYMENT RELIEF DE II, LLC<br>3748 WEST CHESTER PIKE, SUITE 103<br>NEWTOWN SQ, PA 19073 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | |
| TASF: | $ | 0.00 | OF THE CITY REGISTER OF THE | |
| MTA: | $ | 0.00 | CITY OF NEW YORK | |
| NYCTA: | $ | 0.00 | Recorded/Filed      03-12-2014 12:45 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2014000085887 | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | *Annette M Hill* | |
| | | | *City Register Official Signature* | |

Recording Requested By:
PARTNERS FOR PAYMENT RELIEF DE II, LLC

When Recorded Return To:

PARTNERS FOR PAYMENT RELIEF DE II, LLC
3748 WEST CHESTER PIKE
SUITE 103
NEWTOWN SQ, PA  19073

**CORPORATE ASSIGNMENT OF MORTGAGE**

Kings, New York  REFERENCE #: 12010000052   "KHALIL"
INVESTOR #:
Assignment Prepared on: May 17th, 2013.

Assignor: WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee under Greenwich Investors XL Pass-Through Trust Agreement dated as of March 1, 2012 at 559 SAN YSIDRO ROAD, SUITE I, SANTA BARBARA, CA 93108.
Assignee: PARTNERS FOR PAYMENT RELIEF DE II, LLC  at  3748 WEST CHESTER PIKE, SUITE 103, NEWTOWN SQ, PA  19073.

Executed By: SAID KHALIL  To: LONG BEACH MORTGAGE COMPANY
Date of Mortgage: 05/19/2005 Recorded:  08/14/2005  as Instrument No.: 2005000343133 in Kings County , State of New York.

-ASSIGNMENT OF MORTGAGE Dated: 05/31/2005 Recorded:  08/01/2007  as Instrument No.: 2007000283647, between LONG BEACH MORTGAGE COMPANY and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)

-ASSIGNMENT Dated: 08/01/2013  Recorded: 02/11/2014  in Book/Reel/Liber: _____ Page/Folio: _____ as Instrument No.: 2014000531432 , between MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) and WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE UNDER GREENWICH INVESTORS XL PASS-THROUGH TRUST AGREEMENT DATED AS OF MARCH 1, 2012

District/Section/Block/Lot: -5853-17

Property Address:  228 SENATOR STREET, BROOKLYN, NY 11220

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $150,000.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee under Greenwich Investors XL Pass-Through Trust Agreement dated as of March 1, 2012
By: WMD Asset Management, LLC,
a Delaware limited liability company,
Its Attorney-in-Fact
On _6-4-2013_

By: _____
Dennis E. Carlton, Managing Director

*KDV*KDVAMRC*05/16/2013 09:08:00 AM* AMRCM3AMRC00000000000000574556* NY0N08* 12010000052 NYSTATE_MORT_ASSIGN_ASSN *TWI*TWIAMRC*

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF _____
COUNTY OF _____

On _____, before me, _____, a Notary Public in and for
_____ in the State of _____, personally appeared
Dennis E. Carlton, Managing Director, personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed, signed, sealed, and delivered the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument, and that such individual(s) made such appearance before the undersigned in the County
of _____, State of _____

WITNESS my hand and official seal,

_____
Notary Expires:   /   /
State of _____ County of _____

(This area for notarial seal)

*KBV*KBVAMRC*05/15/2013 09:08:00 AM* AMRC4/3AMRC0000000000000000000574656* NYKINGS* 12010000052 NYSTATE_MORT_ASSIGN_ASSN *TW1*TW1AMRC*

## ACKNOWLEDGMENT

State of California
County of _____ Santa Barbara _____ )

On __June 6, 2013_____ before me, __Brooke Powell, Notary Public_____
(insert name and title of the officer)

personally appeared ___Dennis E. Carlton_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____        (Seal)

BROOKE POWELL
Commission # 1863030
Notary Public - California
Santa Barbara County
My Comm. Expires Aug 28, 2013

SEAL

Prepared By and Return To:

Partners For Payment Relief DEII, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073
888-879-4997

_____
Space above for Recorder's use

# ASSIGNMENT OF MORTGAGE

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, **Partners For Payment Relief DEII, LLC** whose address is **3748 West Chester Pike, Suite 103, Newtown Square, PA 19073**, does by these presents hereby convey, grant, bargain, sell, assign, transfer, set over and deliver unto **JXB 84 LLC, a Delaware Company.c/o Kenner Cummings PPLC** whose address is **175 SW 7th Street, Suite 2410, Miami, FL 33130**, the following described mortgage (the "Mortgage"), together with the certain promissory note(s) described therein (the "Notes(s)") together with all rights therein and thereto, all liens created or secured thereby, and any and all interest due thereon.

Mortgage is recorded in the State of **NY**, County of **Kings**.

| | |
|---|---|
| Instrument/Book/Page: | 2005000343133 / |
| Date of Recordation: | 6/14/2005 |
| Date of Mortgage: | 5/19/2005 |
| Original Mortgagor(s): | Said Khalil |
| Original Mortgagee: | Long Beach Mortgage Company |
| Original Loan Amount: | $150,000.00 |
| Property Address: | 228 SENATOR ST, BROOKLYN, NY 11220 |
| District/Section/Block/Lot: | -5853-17 |

**IN WITNESS WHEREOF**, the undersigned entity by all due authority has caused this instrument to be executed by its duly authorized officer(s), representatives(s) or Attorney-in-Fact this _17_ day of _August_, 2015.

Institution: Partners for Payment Relief DEII, LLC

By: _____          _____          _____
Title: Vice-President                         Witness                                     Witness

Commonwealth of: Pennsylvania                    County of: Delaware

On this date of _August 17_, _2015_, before me, the undersigned authority, a Notary Public commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the herein named John Sweeney, known to me (or identified to me on the basis of satisfactory evidence) that they are the Vice-President and are duly authorized to execute the foregoing instrument for and in the name and on behalf of said corporation and that said corporation executed the same, and further stated and acknowledged they that had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: Michele Heineman
My Commission Expires: _3-4-18_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHELE HEINEMAN, Notary Public
Marple Township, Delaware County
My Commission Expires March 4, 2019

**EXHIBIT E**

# THE MARGOLIN & WEINREB LAW GROUP, LLP

Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791

ALAN WEINREB, ESQ.
C. LANCE MARGOLIN, ESQ.

Cynthia A. Nierer, Esq., Managing Attorney

(516) 921-3838
FAX   (516) 921-3824
(516) 945-6055
FAX   (516) 945-6056
www.nyfclaw.com

**We are a debt collector and are attempting to collect a debt.  Any information obtained will be used for that purpose.**

NOTICE OF DEFAULT

August 21, 2015

*Via certified mail and regular mail*

Said Khalil
228 Senator Street
Brooklyn, NY  11220

PROPERTY ADDRESS: 228 Senator Street, Brooklyn, NY  11220

AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA: Esta notificacion es de suma importancia.  Puede afectar su derecho a continuar viviendo in su casa.  Si no entiende el contenido, obtenga una traduccion immediatamente.

Dear Borrower:

**You are hereby notified that this letter is an attempt to collect a debt.  All information obtained will be used for that purpose.** This firm has been designated by JXB 84 LLC, a Delaware Limited Liability Company, the Creditor of the above-referenced loan (hereinafter referred to as "the Debt") to contact you regarding the status of your account. The Creditor (also called the Holder and Beneficiary) has authorized the Servicer and this firm to act on its behalf regarding the collection of the Debt.  This firm is relying on information provided by such entities.  This firm makes no representation as to the enforceability of the debt. **Further notification pursuant to the Fair Debt Collection Practices Act is provided further down.**

The originating creditor of your loan is Long Beach Mortgage.  Should you have any questions to our firm, The Margolin & Weinreb Law Group, LLP, please contact us at 516-921-3838.

7014 1820 0000 6967 7996

Page Two

As of August 20, 2015, the following sums are due:

Principal and interest             $262,584.90

On or before September 20, 2015, you must submit payment by bank check, money order, or certified funds of the total payoff to: JXB 84 LLC, a Delaware Limited Liability Company, c/o Kenner Cummings PLLC, 175 SW 7TH Street, Suite 2410, Miami, FL  33130.  Any payment(s) and late charge(s), that come due in the interim must also be included.  Prior to submitting payment, you may wish to call JXB 84 LLC, a Delaware Limited Liability  Company to verify the exact amount.  The Total Payoff is due as you have transferred the property in violation of the terms of the mortgage.

Failure to correct the default by September 20, 2015  may result in acceleration of your loan. Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced.  In foreclosure proceedings, we are entitled to collect the total debt in addition to any expenses and costs of the foreclosure including but not limited to reasonable attorneys' fees, where so provided by the terms of the mortgage.  If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure where possible.  Creditor or another person may acquire the Property by means of foreclosure and sale.  You have the right to assert in court the non-existence of a default, that you kept your promises and agreements under the mortgage and note or any other defense.  After acceleration of the debt, but prior to the foreclosure sale, you may have the right to reinstate the mortgage loan, by payment of all sums due as if immediate payment in full had not been required and to have the lawsuit discontinued, depending on the terms of the note and mortgage.  We encourage you to review the provisions of the note and mortgage.

If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. However, even if a discharge has been obtained, proceedings to foreclose the loan may still be brought.

IMPORTANT NOTICE TO SERVICEMEMBER AND THEIR DEPENDENTS
If you are a servicemember who is, or recently was, on "active duty" or "active service", or a dependent of such a servicemember, you may be entitled to certain legal rights and protections, including protection from foreclosure or eviction, pursuant to the Servicemembers Civil Relief Act (50 USC App. §§501-596), as amended (the SCRA) and possibly, certain similar state statutes.  If you believe you may be entitled to rights and protections under SCRA, please contact us at 516-945-6055.

**If at any time, you make a request to this law firm not to be contacted by phone, we will not do so, except by legal action.  NO PERSON IN THIS LAW OFFICE WILL GIVE YOU <u>ANY</u> LEGAL ADVICE.**

Page Three

### NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT

1.      **The total amount of the Debt: $262,584.90.  Remaining principal balance as of 8/21/2015 is $146,897.01  plus unpaid accrued interest of $115,687.89**

2.      **Name of the creditor to whom the Debt is owed:   JXB 84 LLC, a Delaware Limited Liability Company.**

3.      **Unless you dispute the validity of the Debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the Debt is valid.**

4.      **If you notify us in writing within thirty (30) days after receipt of this Notice that the Debt or any portion thereof is disputed, we will obtain verification of the Debt or a copy of any judgment against you representing the Debt and a copy of such verification or judgment will be mailed to you from our office.**

5.      **Upon request in writing within thirty (30) days after receipt of this Notice, we will provide you with the name and address of the original creditor, if different from the current creditor.**

In the event that there is a manufactured house on the subject premises, should you be unable to bring your account current within thirty (30) days, it is hereby demanded that you turn same over to the Creditor.

Failure to being the loan current or turn over the above referenced manufactured home within thirty (30) days will be deemed a refusal to comply with the terms of this demand.

All communication about this matter must be made through JXB 84 LLC,  a Delaware Limited Liability Company except those specified in this letter.

All payments must be made in **certified funds, cashier's check or money order(s)** payable to and mailed to: JXB 84 LLC, a Delaware Limited Liability Company, c/o Kenner Cummings PLLC,  175 SW 7TH Street, Suite 2410, Miami, FL  33130, phone number is 646-431-8370.

If you are unable to bring your account current, you are urged to call JXB 84 LLC, a Delaware Limited Liability Company immediately to discuss possible alternatives to foreclosure.

Respectfully,
The Margolin & Weinreb Law Group, LLP

### PAYMENT REMITTANCE INFORMATION

Cc: JXB 84 LLC, a Delaware Limited Liability Company



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | 3.79 |
| Total Postage & Fee | |

Postmark Here

Sent To
Said Khalil
Street & Apt. N or PO Box No.
228 Senator Street
City, State, ZIP
Brooklyn, NY 11220

7014 1820 0000 6967 7996

PS Form 3800, July 2014                    See Reverse for Instructions