UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JXB 84 LLC,                                             REPORT AND
                Plaintiff,                     RECOMMENDATION
        - against -
SAID KHALIL, et al.,                                    15-CV-6251 (NGG) (JO)
                Defendants.
-----------------------------------------------------------X
James Orenstein, Magistrate Judge:

       Plaintiff JXB 84 LLC ("JXB") brings this action to foreclose its mortgage on property located at 228 Senator Street, Brooklyn, New York (the "Property"); secure payment from the borrower, defendant Said Khalil ("Khalil"); and extinguish the rights of lien holders and other potentially interested parties. *See* Docket Entry ("DE") 1 (Complaint); DE 6 (Am. Complaint).[1] No defendant has appeared, and JXB now seeks a default judgment. DE 33 ("Motion"). Upon a referral from the Honorable Nicholas G. Garaufis, United States District Judge, I now make this report, and, for the reasons set forth below, respectfully recommend that the court order the foreclosure and sale of the Property, order defendant Khalil to pay JXB $274,287.84, dismiss defendants NYCPVB and John Does 1-12, and enter declaratory relief as to all other nominal defendants.

I.    <u>Background</u>

    A.    <u>Facts</u>

       The following recitation of facts is drawn from the Amended Complaint's uncontested allegations, the supporting exhibits attached thereto, and the uncontroverted documents filed in

---

[1] The other named defendants are Mousa Khalil; the New York State Department of Taxation and Finance ("NYSDTF"); the New York City Environmental Control Board ("NYCECB"), the New York City Parking Violations Bureau ("NYCPVB"); Margaret Ziede ("Ziede"); Chase Bank USA, N.A. ("Chase"); Capital One Bank (USA) NA ("Capital One"); Recovery of Judgment LLC Assignee of Congregation Imrei Yehudah, Recovery of Judgment LLC Assignee of Parkway LLC & Congregation Imrei Yehudah, and Congregation Imrei Yehudah (collectively, the "Congregation Defendants"); Emmanuel Diamantakis, Harry Lambrakis, and George Diamantakis (collectively, the "Diamantakis Defendants"); and twelve "John Doe" defendants described as tenants of the Property.

support of the instant motion. On May 19, 2005, Khalil executed a Mortgage Note (the "Note") in which he agreed to repay the sum of $150,000 plus interest to Long Beach Mortgage Company (LBMC). Am. Complaint ¶ 19 & Ex. B (Note). As collateral, Khalil also delivered a Mortgage dated May 19, 2005 (the "Mortgage"). The Mortgage was duly recorded in the Office of the Register of the City of New York on June 14, 2005. *Id.* ¶ 20 & Ex. C (Mortgage). After multiple assignments, the Note and the Mortgage were subsequently assigned to JXB by Partners for Payment Relief DEII, LLC, on August 17, 2015. *Id.* ¶ 24 & Ex. D (assignment of mortgage).

The Note's terms required Khalil to pay LBMC principal plus interest at an annual rate of 10.10 percent, in monthly installments of $1,327.46 starting on July 1, 2005. Note §§ 2-3. A failure to pay any installment of principal or interest constitutes an event of default, triggering the note holder's right to demand immediate payment of the entire principal balance and interest due. *Id.* § 4(C). The Note also provides for a late charge for overdue payments in the amount of two percent of the overdue amount of each payment. *Id.* § 4(A).

Khalil has failed to make any required payments on the Note since September 1, 2008. DE 33-5 (Dotol Aff.) ¶ 7; DE 40 (Weinreb Aff.) ¶ 5 & Ex. B (copy of loan history); *see* Mortgage § 1.[2] On August 21, 2015, JXB's counsel sent a letter to Khalil advising that he was in default on his obligations under the Note. Am. Complaint ¶ 26 & Ex. E (default letter). The 90-day pre-foreclosure notice in accordance with Section 1304(1) of New York Real Property and Proceedings Law ("RPAPL") was not required because Khalil was not the owner of the premises, having deeded the Property to Mousa Khalil on July 24, 2008. *Id.* ¶ 27.

---

[2] JXB pleads that Khalil's most recent timely payment was made on November 1, 2008. Am. Complaint ¶¶ 25, 30 (alleging that Khalil failed to pay the December 1, 2008 installment, and requesting unpaid interest from November 1, 2008). That appears to be an error; the correct date for the last payment is actually September 1, 2008. DE 33-2 ("Memo.") at 4; Dotol Aff. ¶ 7 (requesting interest from September 1, 2008); Weinreb Aff. ¶ 5 & Ex. B (confirming that the date of default is properly reflected in the Motion, rather than the Amended Complaint, as September 1, 2008).

2

B.     Proceedings

JXB filed its initial Complaint on October 30, 2015, and amended its pleading by adding named defendants on November 18, 2015. It seeks foreclosure and sale of the Property, the right to possession and rents on the property, a finding that it has the first and best lien on the Property, damages, and related relief such as reasonable attorneys' fees and costs. *Id.* at 8-9. JXB promptly served process on all defendants. DE 3; DE 7. No defendants have answered the Complaint or Amended Complaint, and by April 5, 2016, the Clerk had entered the default of each defendant at JXB's request. DE 28; DE 29; DE 31; DE 32.

On April 20, 2016, JXB filed the instant motion for default judgment of foreclosure and sale of the Property and damages.[3] *See* DE 33 ("Motion"); DE 33-2 (Memorandum of Law in Further Support of Plaintiff's Motion for a Default Judgment) ("Memo.") at 4; DE 33-6 ("Proposed Order"). Alleging that the defendants other than Khalil claim an interest or a lien in the real property prior and adverse to JXB's mortgage lien, JXB also requests a judgment discharging the prior and adverse liens on the property pursuant to the RPAPL. Proposed Order at 5; Weinreb Aff. ¶ 1.

The court referred the matter to be by order dated April 21, 2016. On April 26, 2016, I directed JXB to submit any additional materials in support of its requests for relief no later than May 17, 2016, and to provide such copies simultaneously to all defendants. At a conference on July 7, 2016, I directed JXB to supplement its submissions to provide more information regarding the existence of the subordinate lienholder defendants. *See* DE 36 (minute entry); DE 42 (transcript). At a telephone conference on July 22, 2016, JXB sought and received leave to submit further argument in support of its motion. DE 39 (minute entry); DE 43 (transcript). JXB filed its supplemental papers on July 29, 2016. *See* Weinreb Aff. & Exs. A-C. JXB now seeks the following relief:

---

[3] Though attorney's fees and costs were originally requested in the Amended Complaint, JXB no longer requests this relief in connection with its Motion. *See* DE 33-1 (declaration of regularity) ¶ 10.

3

foreclosure and sale of the Property; monetary relief in the amount of $146,897.01 plus pre-judgment interest against Khalil; and an order extinguishing all rights of any other defendants in the Property. *See* Am. Complaint ¶ 30; Memo. at 4; Proposed Order at 3-5.

II.   Discussion

   A.   Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). The fact that a complaint stands unanswered does not, however, suffice to establish liability on its claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 & n.17 (2d Cir. 2015) (stating that a district court has "discretion to investigate the basis for a plaintiff's claims before deciding whether to grant default judgment"). With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *See, e.g., Taizhou Zhongneng Import & Export Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) ("A default … only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant."); *Finkel*, 577 F.3d at 84; *Greyhound Exhibitgroup*, 973 F.2d at 159 (complaint's assertion of proximate cause necessary for finding of liability must be "properly alleged"); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971) (default-based liability is established by "well-pleaded allegations in a complaint"), *rev'd on other grounds*, 409 U.S. 363 (1973). Accordingly, before considering the issue of damages as to each cause of action, I first examine whether the Amended Complaint successfully states a claim for relief.

B.  <u>Liability</u>

1.  <u>Standing</u>

Because JXB was not an original party to the Note or the Mortgage, I must first establish that it has standing to bring this foreclosure action.[4] A plaintiff has standing to bring a mortgage foreclosure action "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." *U.S. Bank v. Collymore*, 890 N.Y.S.2d 578, 580 (App. Div. 2009). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id.*

A mortgage note is a negotiable instrument which may be transferred via an endorsement on the instrument itself or on an allonge. *See Slutsky v. Blooming Grove Inn, Inc.,* 542 N.Y.S.2d 721, 723 (App. Div. 1989) ("The note secured by the mortgage is a negotiable instrument which requires [e]ndorsement on the instrument itself 'or on a paper so firmly affixed thereto as to become a part thereof' in order to effectuate a valid 'assignment' of the entire instrument.") (citing and quoting N.Y. U.C.C. §§ 3-104, 3-202). An allonge need not be dated to transfer the note. *Bank of Am. v. 3301 Atl.*, 2012 WL 2529196, at *8 (E.D.N.Y. Jun. 29, 2012) ("Dating … appear[s] to be irrelevant to the status of an allonge."); *see also* N.Y. U.C.C. § 3-114. JXB has provided a copy of an undated allonge to the Note, endorsed by Partners for Payment Relief DEII, LLC. Am. Complaint Ex. B at 4. Though the fact that the allonge is undated does not bear upon its validity, JXB must still demonstrate that it was the holder of the Note *prior to* the commencement of the foreclosure action. *See Collymore*, 890 N.Y.S.2d at 580. Having attached the Note and allonge to the Amended

---

[4] Though this is a motion for default judgment, "[b]ecause the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005).

5

Complaint, JXB has adequately demonstrated that it held the allonge before asserting the claims on which it now seeks relief.

### 2. Foreclosure

Under New York law, a plaintiff is entitled to foreclosure as a matter of law where it can establish by documentary evidence "(1) the existence of a debt, (2) secured by a mortgage, and (3) default on that debt." *U.S. Bank v. Squadron VCD*, 504 F. App'x 30, 32 (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)); *see also BH99 Realty, LLC v. Li*, 2011 WL 1841530, at *3 (E.D.N.Y. Mar. 16, 2011), *adopted*, 2011 WL 1838568 (E.D.N.Y. May 13, 2011). The Amended Complaint adequately pleads each element: it establishes the existence of a debt (the Note), secured by the Mortgage, and Khalil's default of his obligation to pay the debt. Am. Complaint ¶¶ 19-25 & Exs. B-C. I therefore conclude that JXB has established Khalil's liability on its claim and is entitled to foreclosure, and respectfully recommend that the court enter an order affording such relief in the form JXB has submitted in its Proposed Order.

### 3. Subordinate Lienholders

JXB has named identified Mousa Khalil, NYSDTF, NYCECB, NYCPVB, Ziede, Chase, Capital One, the Congregation Defendants, and the Diamantakis Defendants as non-mortgagors who may hold a lien or a judgment on the Property that is subsequent or adverse to Khalil. Am. Complaint ¶¶ 3-13.

Under New York law, the necessary parties to a mortgage foreclosure action include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). Further, New York law requires that "[w]here a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property, the complaint shall set forth: ... [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for

making such" entity a party to the action. *Id.* § 202-a. The joinder of junior lienholders in a foreclosure action operates "'to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *6820 Ridge Realty LLC v. Goldman*, 701 N.Y.S.2d 69, 72 (App. Div. 1999) (quoting *Polish Nat'l Alliance v. White Eagle Hall Co.*, 470 N.Y.S.2d 642, 647 (App. Div. 1983)). Failure to join a junior lienholder as a necessary party "leaves that party's rights unaffected by the judgment and sale." *Id.* Courts in this district have found orders of default judgment to be proper against junior lienholders in similar circumstances. *See 3301 Atl.*, 2012 WL 2529196, at *14 ("Courts have found that entry of a default judgment under Fed. R. Civ. P. 55 is appropriate where the complaint alleges 'nominal liability – *i.e.*, that any [liens] the Defaulting Defendants may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien.'") (quoting *Christiana Bank & Tr. Co. v. Dalton*, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009); *see also E. Sav. Bank, FSB v. Strez*, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (same).

### a. Mousa Khalil

JXB has established that Mousa Khalil is the current record owner of the Property encumbered by Said Khalil's Mortgage, pursuant to a deed recorded on August 1, 2008. *See* Am. Complaint ¶ 3; Weinreb Aff. ¶ 3 & Ex. C. I therefore respectfully recommend entering a default judgment against Mousa Khalil.

### b. State and City Agencies

The Amended Complaint contains well-pleaded allegations of nominal liability on the part of non-mortgagor defendant NYSDTF. Am. Complaint ¶ 4. JXB has also submitted supplemental documentation identifying liens held by the NYCECB. Weinreb Aff. ¶ 1 & Ex. A. I therefore respectfully recommend entering default judgments against the NYSDTF and the NYCECB.

JXB has not effectively pleaded a claim against the NYCPVB. The Amended Complaint does not allege that the NYCPVB holds any lien on the Property; the boilerplate pleading does no more than make the conclusory assertion that the defendant "has or claimed to have or may claim to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgage." Am. Complaint ¶ 13. Without "detailed facts showing the particular nature of the interest in or lien on the real property[,]" the conclusory allegations of the Amended Complaint do not establish a claim against the NYCPVB under New York law. *See* RPAPL § 202-a. I conclude that JXB has not stated a viable claim against the NYCPVB, and respectfully recommend that the motion for default judgment be denied as to the NYCPVB and the claim against it dismissed without prejudice. *See Greathouse,* 784 F.3d at 116 n.17 (rejecting the dissent's position that a default conclusively established defendant's liability); *Taizhou Zhongneng,* 509 F. App'x at 57-58 (vacating a default judgment due to reliance on conclusory allegations).

          c.        <u>Other Nominal Defendants</u>

JXB's submissions specifically identify judgment liens held by Zeide, Chase, Capital One, the Congregation Defendants, and the Diamantakis Defendants. Weinreb Aff. ¶ 1 & Ex. A. I therefore respectfully recommend entering a default judgment against each of them.

In the Declaration of Regularity submitted in support of the instant Motion, JXB asked to substitute four named individuals for the first four John Doe tenant defendants, and to dismiss the rest. DE 33-1 ¶ 8. However, "[d]ue to the transient nature of 'John Doe' tenants who were served at the property[,]" JXB has since determined that they are not indispensable parties and has therefore withdrawn its request for relief against all of the tenants. Weinreb Aff. ¶ 4. I therefore respectfully recommend that the court dismiss all of the John Doe defendants.

8

C.   Relief

Upon a finding of liability, the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (quoting *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The plaintiff bears the burden of proving its right to the amount of damages claimed. *J&J Sports Prod., Inc. v. El Ojo Aqua Corp.*, 2014 WL 4700014, at *2 (E.D.N.Y. Aug. 29, 2014) (citing *Greyhound*, 973 F.2d at 158), *adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014). On July 7 2016, I gave JXB the opportunity to make additional submissions to the court. DE 36. I make the instant report and recommendation on the basis of all of the oral and written arguments and exhibits that JXB has submitted. *See* DE 6; DE 33; DE 36 (minute entry); DE 39 (minute entry); DE 42 (transcript); DE 43 (transcript); DE 40 (Weinreb Aff.). The defendants have not sought to have any input on the resolution of the instant motion.

In an action for foreclosure and sale, damages "'should be determined under the terms of the Notes and Mortgages[.]'" *E. Sav. Bank, FSB v. Rabito*, 2014 WL 4804872, at *1 (E.D.N.Y. Sept. 10, 2014) (quoting *Builders Bank v. Rockaway Equities, LLC*, 2011 WL 4458851, at *5 (E.D.N.Y. Sept. 23, 2011)), *adopted*, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014). JXB has submitted a declaration from JXB manager Jared Dotol attesting to the amounts owed to JXB under the Note and Mortgage. *See* Dotol Aff. Specifically, JXB seeks, in addition to a judgment of foreclosure, a monetary award against Khalil of $146,897.01 in unpaid principal plus interest at an annual rate of 10.10 percent from September 1, 2008 through the entry of judgment. *See id.* ¶ 5-8; Memo. at 4; Weinreb Aff. ¶¶ 2, 5 & Ex. B. I address each component of the request for relief in turn.

1.   Principal

The original loan was in the amount of $150,000. Am. Complaint ¶ 19. JXB seeks an award of $146,897.01 as the unpaid principal that Khalil owes on the Note. *Id.* ¶ 30; Dotol Aff. ¶ 6;

9

Weinreb Aff. ¶ 2 & Ex. B. JXB has adequately shown the payment history of the loan, and I therefore respectfully recommend that the court award it the full unpaid balance.

        2.        <u>Interest</u>

JXB seeks default interest on the loan at an annual rate of 10.10 percent in the amount of $112,803.75 from September 1, 2008 through April 6, 2016, and additional interest through the date of judgment. Memo. at 4; Dotol Aff. ¶ 7. The terms of the Note and the Mortgage support the request: the Note provides for regular interest on the principal at an annual rate of 10.10 percent. Note §§ 2-3. JXB has adequately proven that an event of default occurred and therefore that it is entitled to default interest from September 1, 2008 through the date of judgment. Dotol Aff. ¶¶ 7-8; Weinreb Aff. ¶ 5. I therefore conclude that it is entitled to interest at the annual rate of 10.10 percent. Applying that rate to the unpaid principal amount of $146,897.01, for the period of 3,134 days between September 1, 2008 and March 31, 2017 (which allows for a period of time for the court to await and resolve objections to this report and recommendation before entering judgment) results in a total of $127,390.83 in interest. Accordingly, I respectfully recommend an award of pre-judgment interest in that amount.

III.    <u>Recommendation</u>

For the reasons set forth above, I respectfully recommend that the court dismiss the claims against defendants New York City Parking Violations Bureau and John Does 1-12; grant a default judgment against all other defendants; order the foreclosure and sale of the subject Property, order defendant Said Khalil to pay JXB $274,287.84 (including $146,897.01 in principal and $127,390.83 in interest), and enter declaratory relief as to all defendants against whom judgment is entered.

IV.    <u>Objections</u>

I direct the plaintiff to serve a copy of this Report and Recommendation on each defendant by certified mail, and to file proof of service no later than February 21, 2017. Any objections to this

Report and Recommendation must be filed no later than March 6, 2017. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

  SO ORDERED.

Dated: Brooklyn, New York
   February 17, 2017

                /s/
              JAMES ORENSTEIN
              U.S. Magistrate Judge