UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JXB 84 LLC,

                     Plaintiff,

      -against-

SAID KHALIL, et al.,

                    Defendants.
---------------------------------------------------------------------X

**ORDER**

**15-CV-6251 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

On October 30, 2015, Plaintiff JXB 84 LLC ("JXB" or "Plaintiff") brought this foreclosure action against Defendants Said Khalil ("Khalil"), the New York City Parking Violations Bureau ("NYCPVB"), John Does 1-12 (representing possible tenants or occupants of the mortgaged property) (the "John Doe Tenants"), Mousa Khalil, the New York State Department of Taxation and Finance ("NYSDTF"), and the New York City Environmental Control Board ("NYCECB") (collectively, the "First Non-Mortgagor Defendants") (Compl. (Dkt. 1).) Plaintiff subsequently amended the complaint to include as defendants Margaret Ziede, Chase Bank USA, N.A. ("Chase"), Capital One Bank (USA) NA ("Capital One"), Recovery of Judgment LLC Assignee of Congregation Imrei Yehudah, Recovery of Judgment LLC Assignee of Parkway LLC & Congregation Imrei Yehudah, Congregation Imrei Yehudah, Emmanuel Diamantakis, Harry Lambrakis, and George Diamantakis (collectively, the "Second Non-Mortgagor Defendants"). (Am. Compl. (Dkt. 6).) Plaintiff seeks to foreclose its mortgage on a property located at 228 Senator Street, Brooklyn, New York, 11220 (the "Mortgaged Property"), obtain payment on the underlying mortgage note from Said Khalil, and extinguish all subordinate interests in the Mortgaged Property. (Id.)

1

No defendant has appeared in this action and, by April 5, 2016, the Clerk of Court had entered default against each defendant. (See Feb. 3, 2016, Entry of Default (Dkt. 29); Apr. 5, 2016, Entry of Default (Dkt. 32).) On April 20, 2016, Plaintiff moved for default judgment and submitted a proposed Judgment of Foreclosure and Sale (the "Proposed Order"). (Mot. for Default J. (Dkt. 33); Proposed Order (Dkt. 33-6)). The court referred the motion to Magistrate Judge James Orenstein for a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 21, 2016, Order Referring Mot.)

On March 4, 2015, Judge Orenstein issued an R&R recommending that the court:

- Order the foreclosure and sale of the Mortgaged Property in accordance with the Proposed Order;

- Order Defendant Khalil to pay Plaintiff $274,287.84, constituting the remaining principal amount on the mortgage note ($146,897.01) and the accrued interest on that amount, calculated at an annual rate of 10.10% from the date of Said Khalil's last payment, September 1, 2008, until the estimated date of entry of the clerk's judgment, March 31, 2017 ($127,390.83);[1]

- Dismiss all claims against Defendants NYCPVB and the John Doe Tenants; and

- Enter default judgment against First and Second Non-Mortgagor Defendants, terminating any interest those parties might have in the Mortgaged Property.

(R&R (Dkt. 45).) No party has objected to Judge Orenstein's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 10-11 ("Any objections to this Report and Recommendation must be filed no later than March 6, 2017.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc.,

---

[1] Judge Orenstein reached this interest figure by multiplying the daily rate of interest, $40.65, by the number of days that have elapsed since Said Khalil last paid an installment on the note. (R&R at 10.) In this order, the court adopts this method of calculation but does not retain the final figure.

2

No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1).

Finding no clear error, the court ADOPTS IN FULL the R&R. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order). Accordingly, the court:

- DISMISSES all claims against the NYCPVB and the John Doe Tenants without prejudice;

- ORDERS that default judgment be entered against the First and Second Non-Mortgagor Defendants, barring and foreclosing them from all estate, right, title, claim, interest, lien, and equity of redemption in the Mortgaged Property;[2]

- ORDERS that default judgment be entered against Defendant Said Khalil on the amount due on the note and mortgage, totaling $146,897.01 plus prejudgment interest, to be calculated at a daily rate of $40.65 from September 1, 2008, until the date of entry of judgment.

Plaintiff is ORDERED to serve a copy of this order on the defaulting defendants and file a proof of service with the court. Additionally, Plaintiff is DIRECTED to provide a revised proposed Judgment of Foreclosure and Sale as to the property at Mortgaged Property, consistent with this order, within 20 days of the date of this order. Additionally, the revised proposed judgment shall designate a referee responsible for selling mortgaged premises, subject to this court's approval.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] For clarity, this group consists of the following Defendants: Mousa Khalil, the New York State Department of Taxation and Finance, the New York City Environmental Control Board, Margaret Ziede, Chase Bank USA, N.A., Capital One Bank (USA) NA, Recovery of Judgment LLC Assignee of Congregation Imrei Yehudah, Recovery of Judgment LLC Assignee of Parkway LLC & Congregation Imrei Yehudah, Congregation Imrei Yehudah, Emmanuel Diamantakis, Harry Lambrakis, and George Diamantakis.